IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| NORMA ALEJANDRA TAMEZ, INDIVIDUALLY AND AS NEXT FRIEND OF C.O., A CHILD, A.O., A CHILD, AND J.O., A CHILD <br><br> v. <br><br> REZAEE MOHAMMED NASIM AND TRANSPORTATION, INC., GLOBE | § § § § § § § § § § § | CASE NO. 2:22-cv-19 <br> *(Jury requested)* |

### DEFENDANT GLOBE TRANSPORTATION, INC., incorrectly named as TRANSPORTATION, INC., GLOBE'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)

PLEASE TAKE NOTICE that Defendant GLOBE TRANSPORTATION, INC., incorrectly named as TRANSPORTATION, INC., GLOBE, hereby file this Notice of Removal of Action Under 28 U.S.C. § 1441(a) to remove to this Court the state court action described below:

### BACKGROUND

1. Plaintiff is NORMA ALEJANDRA TAMEZ, INDIVIDUALLY AND AS NEXT FRIEND OF C.O., A CHILD, A.O., A CHILD, AND J.O., A CHILD, a citizen of Texas residing in Maverick County, Texas.[1]

2. Defendant, REZAEE MOHAMMED NASIM is a citizen of Nebraska.[2] Defendant GLOBE TRANSPORTATION, INC., has its principal place of business in Illinois.[3]

3. On or about August 30, 2021 the state action was filed in the 293rd Judicial District Court, Maverick County, Texas under Cause 21-08-40340-MCV; *NORMA ALEJANDRA TAMEZ, INDIVIDUALLY AND AS NEXT FRIEND OF C.O., A CHILD, A.O., A CHILD, AND J.O., A CHILD V. REZAEE MOHAMMED NASIM AND TRANSPORTATION, INC.*[4] Defendant GLOBE

---

[1] *See* Plaintiff's Original Petition, paragraph 2.0, attached as Exhibit A.
[2] *See* Plaintiff's Original Petition, paragraph 2.1, attached as Exhibit A.
[3] *See* Affidavit of MOMINOV BAKHTIERZHON, attached as Exhibit B.
[4] *See* Plaintiff's Original Petition, attached as Exhibit A.

TRANSPORTATION, INC. was never served with Plaintiff's Original Petition. Defendant GLOBE TRANSPORTATION, INC. proactively answered on March 16, 2022.[5] Defendant GLOBE TRANSPORTATION, INC. files this Notice of Removal within thirty days of Defendant Globe receiving notice of Plaintiff's initial state court proceeding, as required by 28 U.S.C. § 1446 (b).

4. Plaintiff's Original Petition affirmatively asserts that "seek monetary relief in an amount exceeding $1,000,000.00".[6] Therefore, this Court has jurisdiction.[7]

5. Defendants have attached the required state court documents pursuant to 28 U.S.C. § 1446 (a).

6. As for venue, venue is proper in this District, the Western District of Texas, Del Rio Division, under 28 U.S.C. § 1441 (a) and 28 U.S.C. § 1446 (a) because this District and Division embrace the place where the removed action is pending.

7. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the state court where the action is pending. Defendants made a demand for trial by jury in the state court action.

8. Defendant **REZAEE MOHAMMED NASIM** consents to removal of this proceeding.

## BASIS FOR REMOVAL

9. The Federal Court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between... citizens of different States."[8] As set forth, this Court has original jurisdiction over this civil action pursuant 28 U.S.C. § 1332 and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a) because:

---

[5] *See* Defendants' Original Answer and Jury Demand, attached as Exhibit C.
[6] *See* Plaintiff's Original Petition, paragraph 1.0, attached as Exhibit A.
[7] *See* 28 U.S.C. § 1332 and § 1441.
[8] 28 U.S.C. § 1332(a)(1); *see e.g., Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000).

      a.    It is a civil action between a citizen of a State (Texas) and a corporation of (principal place of business) and citizens of a different State (Illinois and Nebraska); and

      b.    It is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.[9]

**A.    Diversity of Citizenship**

10.    A civil case filed in state court may be removed by the defendant to Federal Court if the case could have been brought originally in Federal Court.[10] Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.[11] Defendants were informed and believe that Plaintiff is at the time of filing this lawsuit, and still is, a citizen of the State of Texas. Defendant, REZAEE MOHAMMED NASIM is a citizen of Nebraska. Defendant GLOBE TRANSPORTATION, INC., has its principal place of business in Illinois. Therefore, there is complete diversity of citizenship between Plaintiff and Defendants.

**B.    Amount in Controversy**

11.    Removal is proper when there is complete diversity of citizenship between the true parties to the lawsuit and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest.[12]

12.    In *De Aguilar v. Boeing Co.*,[13] the United States Fifth Circuit Court of Appeals held that when a defendant removes such a case, the defendant then has the burden to prove that the amount in controversy exceeds the jurisdictional amount.[14] The *De Aguilar* Court went on to hold

---

[9] *See* Plaintiff's First Amended Petition attached as Exhibit B.
[10] 28 U.S.C. § 1332(a).
[11] 28 U.S.C. § 1332; *see e.g., Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1359 (11th Cir.1996) (abrogated on other ground by *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1076 (11th Cir. 2000) (overruling *Tapscott* on the issue of calculating the amount in controversy in class action suits).
[12] 28 U.S.C. § 1332(a).
[13] 47 F.3d 1404 (5th Cir.1995).
[14] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir.1995).

that to remand to state court, the plaintiff must establish as a matter of law that, if successful, it would not be able to recover more than the jurisdictional amount.[15]

13.     In determining whether the amount in controversy exceeds $75,000, courts must consider the full litany of damages that a plaintiff is seeking, including statutory and punitive damages.[16]  Specifically, the court must consider penalties, statutory damages, and punitive damages in calculating the amount in controversy.[17]

14.     As applied here, Defendant can meet its burden to prove that the amount in controversy in this case exceeds the federal jurisdictional requirement of $75,000 based on the language of Plaintiff's Original Petition.[18]  As discussed above, Plaintiff's Original Petition affirmatively asserts that she is seeking damages in excess of $1,000,000.[19]  Therefore, the evidence is sufficient for Defendant to meet its burden to prove the amount in controversy removal requirement of $75,000.

## **CONCLUSION**

15.     Based on diversity of citizenship and satisfaction of the amount in controversy requirement, removal to Federal Court is proper.[20]  Plaintiff is a citizen of the State of Texas and Defendants are not citizens of the State of Texas.  Diversity of citizenship is clear from the pleadings and evidence.

WHEREFORE PREMISES CONSIDERED, based on the Petition, evidence and the diverse citizenships of the proper parties, this Court therefore has original jurisdiction of this action under 28 U.S.C. § 1332 and removal of the action to this Court is proper under 28 U.S.C. § 1441(a).

---

[15] *Id*.
[16] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–55 (5th Cir. 1998).
[17] *Id*.
[18] *See* Plaintiff's Original Petition, paragraph 1.0, attached as Exhibit A.
[19] *Id*.
[20] 28 U.S.C. § 1332(a); *Darden*, 200 F.3d at 755.

        Respectfully submitted,

By:  */s/ Gregory J. Peterson*
   GREGORY J. PETERSON
   "Attorney in Charge"
   Federal ID No. 996381
   State Bar No. 24057580
   MICHAEL F. AGUILAR
   Federal ID and State Bar No. 24117936
   GOLDMAN & PETERSON, PLLC
   10100 Reunion Place, Suite 800
   San Antonio, Texas 78216
   Telephone: (210) 340-9800
   Facsimile: (210) 340-9888

     ATTORNEY FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

 This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this 14th day of April, 2022.

**Via E-Mail: arodriguez@oscargarzalaw.com**
Mr. Alberto Rodriguez
THE LAW FIRM OF OSCAR A. GARZA, P.L.L.C.
545 Quarry Street
Eagle Pass, Texas 78852

      */s/ Gregory J. Peterson*
      GREGORY J. PETERSON
      MICHAEL F. AGUILAR